CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 19, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER D. MAY, ) | |
|     Plaintiff, ) | Case No. 7:23-cv-00794 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| LAUREN JOHNSON, ) | Senior United States District Judge |
|     Defendant. ) | |

## MEMORANDUM OPINION

Christopher D. May, an inmate proceeding pro se, commenced this action by filing a form complaint under 42 U.S.C. § 1983 against Lauren Johnson, a nurse at the Rockingham-Harrisonburg Regional Jail. Johnson has moved to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). ECF No. 15. For the reasons that follow, the motion to dismiss is **DENIED**.

## Background

May filed his complaint against Johnson on a standard form provided to inmates who wish to file suit under 42 U.S.C. § 1983. The form includes a claim section for an inmate to "[d]escribe what action(s) each defendant took in violation of [the inmate's] federal rights." Compl., ECF No. 1, at 2. The inmate is instructed to "[b]riefly tell [his] story without citing cases or law." Id.; see also id. ("Do not give any legal arguments or cite any cases or statutes.").

In the claim section, May alleges that he was injured by guards in the process of being removed from his pod at the Rockingham-Harrisonburg Regional Jail. Id. May alleges that he reported the injury to Johnson and subsequently underwent x-rays. Id. Although the person who performed the x-rays informed May that his "arms were messed up," Johnson falsely

reported that the x-rays were normal and that "nothing was wrong" with May. Id.; see also id. (alleging that Johnson "lied" about the x-ray results).

After being transferred to Middle River Regional Jail, May underwent additional x-rays that confirmed that "both . . . shoulders were separated," and he was referred to an orthopedic specialist. Id. May alleges that he endured "pain for months" as a result of Johnson lying about the results of the initial x-rays. Id.

Johnson has moved to dismiss the complaint for lack of subject matter jurisdiction. Johnson argues that there is no federal question on the face of the complaint and that May "cites no federal law to support his claim." Def.'s Mem. Supp. M. Dismiss, ECF No. 16, at 1, 3.

## Discussion

A motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). "The burden of establishing subject matter jurisdiction rests with the plaintiff as the party asserting jurisdiction." AGI Assocs., LLC v. City of Hickory, 773 F.3d 576, 578 (4th Cir. 2014) (internal quotation marks omitted). "When a defendant argues that the complaint fails to allege facts establishing subject matter jurisdiction," as Johnson does here, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Id. (internal quotation marks omitted). Because May is proceeding pro se, his complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). "[T]his liberal construction

2

allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." Wall v. Rasnick, 42 F.4th 214, 218 (4th Cir. 2022).

Federal district courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "In nearly all situations, 'a case arises under federal law when federal law creates the cause of action asserted.'" Pem Entities LLC v. Cnty. of Franklin, 57 F.4th 178, 183 (4th Cir. 2023) (quoting Gunn v. Minton, 568 U.S. 251, 257 (2013)). Here, the cause of action for May's claim against Johnson is provided by 42 U.S.C. § 1983, a federal statute. See id.

"A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). This is a "low bar." Pem Entities LLC, 57 F.4th at 184. "Only when a claim asserted under federal law is 'so insubstantial, implausible, foreclosed by prior decisions of the Supreme Court, or otherwise completely devoid of merit as not to involve a federal controversy' should the complaint be dismissed for lack of jurisdiction." Id. (brackets omitted) (quoting Oneida Indian Nation v. Cnty. of Oneida, 414 U.S. 661, 666 (1974)); see also Bell v. Hood, 327 U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments [in the complaint] might fail to state a cause of action on which petitioners could actually recover.").

Section 1983, on which May relies, provides a cause of action against "[e]very person" who, under color of state law, violates "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. It is well settled that individuals "have the right to receive adequate medical care while incarcerated." DePaola v. Clarke, 884 F.3d 481, 486 (4th

3

Cir. 2018). For convicted inmates, the right falls under the Eighth Amendment to the United States Constitution. Id. For pretrial detainees, the right falls under the Due Process Clause of the Fourteenth Amendment. See Tarashuk v. Givens, 53 F.4th 154, 158 (4th Cir. 2022) (concluding that "a pretrial detainee's right to adequate medical care and freedom from deliberate indifference to his serious medical needs was clearly established" at the time of the events in question).

Liberally construed, May's complaint asserts that Johnson violated his constitutional right to adequate medical care. May alleges that Johnson lied about the results of his initial x-rays, thereby delaying treatment for his shoulder injury and related pain. The allegations in the complaint provide an adequate basis to invoke the court's jurisdiction over federal civil rights actions. It cannot be said that May's claim against Johnson is so implausible, insubstantial, foreclosed by prior decisions, "or otherwise completely devoid of merit as not to involve a federal controversy." Oneida Indian Nation, 414 U.S. at 666. Because May's constitutional claim under § 1983 is properly "determined by application of . . . federal law," the court has jurisdiction over the claim. Holloway v. Pagan River Dockside Seafood, 669 F.3d 448, 452 (4th Cir. 2012); see also id. at 453 ("If a plaintiff invoking § 1331 pleads a colorable claim arising under the Constitution or laws of the United States, he invokes federal subject matter jurisdiction, and deficiencies of the claim should be addressed by the other mechanisms provided by the federal rules.") (internal quotation marks and citation omitted); Jones v. Gross, No. 1:13-cv-02643, 2014 WL 3887946, at *3 (D. Md. Aug. 6, 2014) ("In light of plaintiff's allegations, which are liberally construed, Jones has sufficiently alleged a civil rights violation pursuant to 42 U.S.C. § 1983, based upon the use of excessive force incident to his arrest, in

4

violation of the Fourth Amendment. This, in turn, confers subject matter jurisdiction on this court. To hold otherwise would permit form to trump substance and deprive the self-represented plaintiff of his right to litigate a potentially meritorious claim.").

## Conclusion

For the reasons stated, Johnson's motion to dismiss for lack of subject matter jurisdiction, ECF No. 15, is **DENIED**. An appropriate order will be entered.

Entered: November 18, 2024

Mike Urbanski
Senior U.S. District Judge
2024.11.18 16:44:51
-05'00'

Michael F. Urbanski
Senior United States District Judge

5